# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1368V
UNPUBLISHED

| | |
|---|---|
| HOPE MASAO,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: October 24, 2023 |

*Martha L. Berry, Longstreet & Berry, LLP*, Fayetteville, NY, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On May 17, 2021, Hope Masao filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleged that she developed Sjogren's syndrome, among other injuries, from a series of hepatitis B vaccinations she received on July 24, 2017, on an unspecified date, and on December 18, 2017. ECF No. 1. Due to Petitioner's failure to address the statute of limitations issue or otherwise prosecute her claim, this case is **DISMISSED**.

### Relevant Procedural History

Petitioner filed some medical records with the petition.[3] On May 27, 2021, the Clerk's Office issued a notice that petitioner's counsel, Martha Berry, was not admitted to the Court of Federal Claims Bar, a requirement to practice and file cases with this

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "Section" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Since this case has not yet gone through the Pre-Assignment Review (PAR) process, the filed documents have not been corrected to comply with PAR requirements. The medical records from various providers have been filed as a single exhibit (rather than each provider being filed as an individual exhibit), and none of the medical records are certified to comply with Vaccine Rule 2(c)(2)(A). Due to the unavailability of complete and certified records at this time, I will review it based on the records as filed.

Court. ECF No. 5. Ms. Berry was ordered to complete the bar admissions process within 30 days or risk dismissal of this case for failure to comply with the Court's rules.

On June 3, 2021, the Pre-Assignment Review (PAR) Initial Order issued reiterating Ms. Berry's obligation to complete the attorney admissions process within a reasonable time period. ECF No. 6. If Ms. Berry failed to complete the admissions process in a timely manner, "substitution of counsel may be ordered or Petitioner may be deemed a pro se Petitioner." *Id.* at 2.

Despite numerous attempts for over two years to contact Ms. Berry about the attorney admissions process by Clerk's Office staff members and OSM staff attorneys, Ms. Berry has been nonresponsive and has failed to complete the process. Moreover, Petitioner has not submitted any additional filings to comply with the June 3, 2021 PAR Initial Order.

On August 15, 2023, I issued an Order to Show Cause why this case should not be dismissed for filing the petition outside the statute of limitations. ECF No. 8. The due date for Order to Show Cause has passed, and Petitioner has still not yet filed a response.

**Grounds for Dismissal**

Petitioner's case faces dismissal on the grounds of (1) filing the petition outside the statute of limitations window and (2) failure to prosecute the case for over two years. The case has been complicated by the failure of Petitioner's counsel to complete the attorney admission's process for the Court of Federal Claims Bar and communicate with court staff.

First, this case was clearly untimely filed and warrants dismissal under the statute of limitations. The Vaccine Act states that "no petition may be filed for compensation under the Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury." Section 16(a)(2).

At a March 5, 2018 rheumatology appointment, Petitioner reported body pain and other symptoms approximately two weeks after each of the three hepatitis B vaccinations. Exhibit 1 at 87. The rheumatologist noted the possibility that the vaccinations caused autoimmune reactions. *Id.* at 90. Since the last vaccination was administered on December 18, 2017, the most recent "first symptom or manifestation of onset" (which would give Petitioner the most favorable statute of limitations window) occurred in early January 2018. *See* exhibit 1 at 14 (January 30, 2018 appointment). To comply with the statute of limitations, Petitioner would have needed to file her vaccine claim by January 2021. However, Petitioner only filed her petition on May 17, 2021, four months past the deadline.

Second, it is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health &*

2

*Human Servs*., 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs*., 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs*., 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the Order to Show Cause that failure to follow orders issued in this matter risked dismissal of the claim. Due to the lack of response from Petitioner's counsel to orders or informal communications with court staff, it is unclear whether the failure to comply with orders is due to the Petitioner or her counsel. Regardless, as cited in the case law above, failure by Petitioner or her counsel to respond and/or comply with my orders, without justification or explanation, makes dismissal appropriate.

**Accordingly, this case is DISMISSED for filing outside the statute of limitations and failure to prosecute. The clerk shall enter judgment accordingly.**[4]

**IT IS SO ORDERED.**

                 **s/Brian H. Corcoran**
                 Brian H. Corcoran
                 Chief Special Master

---

[4] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."